STATE OF IOWA, Appellee, v. JOHN BACKMAN, Appellant.

**JURY:** Challenges—Taxpayers. Jurors are not subject to challenge
1 in a criminal case because they are taxpayers.

**CRIMINAL LAW:** Evidence—Other Offenses—False Pretenses. Prin-
2 ciple reaffirmed that, on the trial of a charge of false pretenses, other similar and nonremote false representations are admissible on the issue of intent.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

DECEMBER 11, 1924.

INDICTMENT for obtaining money by false pretenses. There was a verdict of guilty and judgment thereon. The defendant has appealed.—*Affirmed.*

*Wilson & Shaw* and *Tom K. Murrow,* for appellant.

*Ben J. Gibson,* Attorney-general, *Vernon R. Seeburger,* and *Loy Ladd,* for appellee.

EVANS, J.—The particular offense charged in the indictment was predicated upon the collection of a city warrant, dated May 16, 1922, and stamped "paid June 14, 1922." The defendant was assistant superintendent of parks for the city of Des Moines, on and before the date of the transaction charged in the indictment. The method of commission of offense, as appears from the evidence, was the "padding" of the pay rolls of employees of the department. The warrant in question was for $56, and was drawn payable to A. Herman, a purported employee of the city. Such warrant was issued and paid by the

proper officials of the city, in the belief that the person present-
ing the same was A. Herman, and that he was a city employee,
and entitled to the amount of the warrant, as such employee.
According to the evidence for the State, this belief was induced
by the defendant, both by word and act; but the person who
presented the warrant and collected the same was not A. Her-
man; there was no employee of such name known to the depart-
ment; and the name was fictitious, and had no proper place upon
the pay roll. The defendant assigns many alleged errors as
grounds of reversal. Many of them are so related that we do
not need to deal with them in detail.

I. The offense was charged as committed in Polk County,
and the trial was had in Polk County. The defendant chal-
lenged all jurors who were taxpayers, on the ground that their
interest as taxpayers disqualified them as jurors.
The challenge was overruled. The defendant
exercised all his peremptory challenges, but
was not able thereby to displace all taxpayer jurors thus chal-
lenged. Error is assigned upon the ruling.

1. JURY: chal-
lenges: tax-
payers.

It is not tenable. The only possible theory upon which dis-
qualification could be predicated, would be that the jurors, as
taxpayers, were adversely interested to the defendant in the
matter of the cost and expense of the prosecution, which might
have to be borne out of public funds. All jurors are presump-
tively taxpayers to some extent. They would, therefore, all
become disqualified in any and every criminal case. Even if a
change of venue were granted, in a given case, the same objec-
tion would be encountered in any other county to which the case
might be transferred. Jurors are not deemed to be adversely
interested to a defendant in a criminal case, simply because
they are taxpayers. *State v. Wells,* 46 Iowa 662.

II. Defendant complains of the evidence of certain wit-
nesses, alleged conspirators, as being mere hearsay; complains
of certain evidence introduced to show other similar offenses;
complains of certain instructions pertaining to
such alleged similar offenses, in that the in-
struction assumed that the similar offenses were
proved; complains of the refusal of the court to give certain
requested instructions, and particularly a requested instruction

2. CRIMINAL LAW:
evidence: other
offenses: false
pretenses.

on the question of circumstantial evidence. Most of these complaints may be answered by a brief reference to some of the evidence introduced by the State.

The case of the State was not made by circumstantial evidence, as such term is ordinarily used. True, there was evidence of circumstances; but the gravamen of the crime was proved, if at all, by direct evidence. The State produced the witness who impersonated A. Herman and obtained and collected the warrant thereby. He signed the name in indorsing the warrant and receipting the pay roll. Since he was a stranger to the disbursing officers, they required identification, and such identification was made by the defendant himself. This fact is a complete answer to all complaints in argument of the failure of the State to show by other custodians and by other superintendents of the department that A. Herman was not entitled to the warrant in question, as an employee in some such other department. It answers also all complaint of lack of proof of the fictitious character of the name. The State also introduced evidence of many other similar transactions. They were professedly offered solely on the question of intent. By instruction, the court limited the consideration of such evidence strictly to such purpose. The alleged errors complained of at this point are without merit.

We have carefully examined all the points raised by the appellant, and find none that merit more extended discussion. The evidence in the case is overwhelming, and leaves no room for doubt of the defendant's guilt. We find nothing prejudicial to him in the record.

The judgment of conviction is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.